# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00276-CR

**Freddy Lee Heine, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 58106, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court has forwarded to this Court a "notice of appeal" filed by Freddy Lee Heine purporting to appeal from his conviction for injury to a child. We have reviewed the document identified by the trial court as the notice of appeal, as well as the clerk's record, and for the following reasons dismiss this appeal for lack of jurisdiction.

After appellant violated the terms of community supervision imposed on him in the trial court's order of deferred adjudication, the trial court signed a judgment adjudicating appellant guilty of the offense of injury to a child and sentenced him to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Penal Code § 22.04. Appellant perfected an appeal to this Court contending that the statute underlying one of the alleged violations of his community supervision was unconstitutionally vague. This Court affirmed the trial court's revocation of appellant's term of community supervision. *See Heine v. State*, No. 03-08-

00706-CR, 2009 WL 2476634, at *2 (Tex. App.—Austin Aug. 14, 2009, no pet.) (mem. op., not designated for publication). This Court issued its mandate in November 2009. Thereafter, the record indicates that appellant corresponded with the trial court about numerous issues and ultimately filed the document that the trial court has identified as a notice of appeal.

In the notice, appellant complains that the conviction was made without "proper proof or evidence." Appellant is not entitled to a second appeal of his adjudication of guilt. Any complaint that the judgment of conviction was not supported by sufficient evidence should have been brought in appellant's appeal from that judgment. Any such complaint is now untimely, and we lack jurisdiction to consider it.

Appellant also asserts in the "notice of appeal" that there "hasn't been a complete investigation" in his case and that "somebody did not do their job right." To the extent appellant is attempting to assert a claim for ineffective assistance of counsel on direct appeal, that complaint also should have been brought in appellant's appeal from the judgment. If appellant desires to raise an ineffective-assistance-of-counsel claim at this time, it must be done pursuant to Texas Code of Criminal Procedure article 11.07. *See* Tex. Code Crim. Proc. art. 11.07 (procedures for application for writ of habeas corpus seeking relief from felony judgment imposing penalty other than death).

Finally, appellant appears to complain of the Bell County proceedings that resulted in the termination of his parental rights in June 2004. To the extent appellant is attempting to file a notice of appeal from a trial court order signed in 2004, any such appeal is untimely and we lack jurisdiction to consider it. *See* Tex. R. App. P. 26.1.

2

We dismiss this appeal for want of jurisdiction.

 

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Dismissed for Want of Jurisdiction

Filed:   June 5, 2013

Do Not Publish